HOLLOWAY, Circuit Judge,
dissenting
The majority opinion relies heavily on reasoning that: (1) every fact which the district court relies on to determine whether the Defendant’s conduct is aberrational must independently constitute a permissible basis for departure under the guidelines, and (2) the facts in this case do not warrant a departure. I am convinced that the former conclusion disregards a well-developed body of Tenth Circuit precedent and that the latter conclusion disregards the district court’s role as the finder-of-facts, violating Koon v. United States, 518 U.S. 81, 97, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Accordingly, I respectfully dissent. I would affirm the findings and ruling of the trial judge.
I
First, the majority opinion impermissi-bly requires every factor concerning aber-rance to independently constitute a permissible basis for departure. We have noted that “Impermissible factors include forbidden factors, discouraged factors that are not present to some exceptional degree, and encouraged factors already taken into account by the applicable guideline that are not present to some exceptional degree.” United States v. Collins, 122 F.3d 1297, 1303 (10th Cir.1997). However, the factor at issue here — aberrational behavior — is neither prohibited nor already taken into account. The question that the district court faced was, factually, whether the Defendant’s conduct was aberrational. In making that factual determination, the district court can rely on such evidence *1079 that it believes establishes aberrant behavior.[1]
Indeed, this court has on several occasions analyzed and applied the aberrant behavior departure both before and after the June 1996 Koon decision. See e.g. Garcia, 182 F.3d at 1176-77 (1999); United States v. Jones, 158 F.3d 492, 500 (10th Cir.1998); Talk, 158 F.3d at 1072-73 (1998); (“The aberrance of a criminal act is an encouraged factor for departure.”); Tsosie, 14 F.3d at 1441-43 (1994); United States v. Peña, 930 F.2d 1486, 1494-95 (10th Cir.1991). In none of the cases did we analyze separately each factor to determine whether it independently constituted a permissible basis for departure under the guidelines. Instead, we focused solely on the totality of circumstances to determine whether the conduct at issue was aberrational for the Defendant. See, e.g., Tsosie, 14 F.3d at 1441 (“The totality of circumstances must be viewed to see whether the offense fits within Tsosie’s normal conduct or if it is a complete shock and out of character.”).[2]
Here the trial court made such a finding, concluding that Defendant’s conduct was aberrational, in totality, because: (1) Defendant had no history of sexual deviancy,[3] and (2) Defendant made significant post arrest rehabilitation efforts: he both stopped using alcohol, which may have contributed to the offense, and he sought mental health testing to determine the cause of the assault and to prevent him from engaging in future assaults. In totality, the district court did not abuse it discretion by holding that these facts demonstrate the aberrational nature of the Defendant’s conduct.[4] Compare Jones, 158 F.3d at 499 (upholding an aberrant behavior departure when “[t]he Defendant ... *1080 had been law abiding until age 35, when his marriage disintegrated”); Garcia, 182 F.3d at 1176 (upholding an aberrant behavior departure when “this Defendant has a minimal criminal history. The Defendant here has numerous letters of support from the community attesting to his honesty and integrity in the manner in which he conducted his business in Las Cruces, New Mexico for many years. Several letters confirmed the Defendant’s sympathy for people in need. The paid informant used this to entice this previously law-abiding member of the community.”). Tsosie, 14 F.3d at 1442 (upholding an aberrant behavior departure when the Defendant “had no prior criminal history”); Peña, 930 F.2d at 1494 (upholding an aberrant behavior departure when the “Defendant has no prior record of drug abuse, nor other felony criminal convictions and has held long-term employment. She poses no threat to the public and would be justly punished, sufficiently deterred and adequately rehabilitated by a sentence of probation with community confinement as a special condition”).
The government has argued that the aberrant behavior departure applies only when the crime is spontaneous and without planning and some courts have adopted such a rule. See United States v. Pickering, 178 F.3d 1168, 1172 (11th Cir.) (“Such an act is not established unless ... the crime was a spontaneous and thoughtless act.”), cert. denied, — U.S. —, 120 S.Ct. 433, 145 L.Ed.2d 339 (1999); United States v. Paster, 173 F.3d 206, 212 (3d Cir.1999) (“[Ajberrant behavior must involve a lack of planning; it must be a single act that is spontaneous.”). We, however, are not one of those courts. In Garcia we said: “The government argues that in order for the aberrational behavior departure to apply, the offense must be spontaneous, without substantial planning, and be completely aberrant from Defendant’s background and personality. As a result, the government asserts, Garcia’s carefully planned cocaine transaction cannot be deemed aberrational. However, this circuit has never held that application of the aberrant behavior downward departure requires the crime at issue to have been spontaneous.” Garcia, 182 F.3d at 1176 (emphasis added).
In sum, based on the totality of the circumstances, the district court’s finding that Defendant’s act was aberrational so as to warrant a downward departure was not clearly erroneous or an abuse of discretion.
II
The majority opinion also impermissibly disregards the district court’s findings of fact on critical points. The district court identified two permissible bases for departure: (1) Defendant’s post arrest rehabilitation efforts (psychological testing), which were extraordinary, and (2) Defendant’s post arrest abstention from alcohol.[5] See Majority Op. at 1074-75; see also Jones, 158 F.3d at 503. The opinion concludes that the Defendant supported neither basis for departure. I disagree.
*1081 Congress did not choose to make the appellate court the finder-of-facts. This court has noted:
We are convinced the determination of whether an individual Defendant’s offense conduct is aberrational, like the decision to depart, requires consideration of unique factors not readily susceptible of useful generalization. The district court is in the better position to determine whether the Defendant’s offense conduct is out of character for that individual. Accordingly, the district court’s resolution of this largely factual question is due substantial deference.
Jones, 158 F.3d at 500 (emphasis added); (same); Garcia, 182 F.3d at 1176 (same). This is the teaching of the Supreme Court’s decision in Koon:
A district court’s decision to depart from the Guidelines, by contrast, will in most cases be due substantial deference for it embodies the traditional exercise of discretion by a sentencing court. Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-today experience in criminal sentencing.
518 U.S. at 98, 116 S.Ct. 2035 (emphasis added). Accordingly, the Court in Koon held that “[t]he appellate court should not review the departure decision de novo, but instead should ask whether the sentencing court abused its discretion.” Id. at 91, 116 S.Ct. 2035.
A
The opinion denigrates the Defendant’s post arrest efforts and accepts the government’s suggestion that Defendant merely “underwent a psychological evaluation for the specific purpose of supporting his downward departure motion.” Majority Op. at 1076. However, the presentence report stated Defendant “expressed interest in learning why he committed such an offense and what kind of treatment might help him learn more about himself with the goal being that he never commit any such offense.” I R. Tab 24 at 4-5. After the tests determined that he was susceptible to treatment, Defendant expressed a desire to obtain treatment. See Addendum to the PSR (“The Defendant has participated in mental health evaluations and he is requesting appropriate treatment to address his needs.”). Contrary to the opinion’s inference, unfavorable to Defendant, the district court found specifically: “The Defendant has made significant post arrest rehabilitation efforts which include mental health testing to determine the cause of his involvement in the instant offense and to prevent its recurrence.” (App. at 65) (emphasis added).
The majority opinion in no way demonstrates why this finding about Defendant’s purpose in his post arrest rehabilitation efforts is clearly erroneous. The clearly erroneous standard applies, of course, to findings on testimony observed by the judge and to his findings based on documentary records before him or inferences from other facts. Anderson v. Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
The opinion says further that “there is no real showing his attitude or future treatment regimen differs substantially from that of other incarcerated sex offenders.” Majority Op. at 1076. However, the evidence before the district court included proof that “the defendant submitted to a rather intrusive and invasive psychological analysis.... ” I R. Tab 24 at 5. The public defender represented that “Counsel has not had a client previously nor has anyone else at the Office of the Federal Public Defender had a client who has so readily sought out psychological testing and analysis in an effort to try and not only learn why he committed the offense but to prevent its reoccurrence.” Id. Based on the evidence, the district court was not clearly in error in finding that the Defendant *1082 “made significant post arrest rehabilitation efforts which include mental health testing to determine the cause of his involvement in the instant offense. ...” (App. at 65) (emphasis added).
The opinion reviewed the psychological report and determined that the report did not demonstrate that Defendant’s conduct was out of character for him. However the psychologist’s report states that: Mr. Benally’s case has several characteristics which indicate that his offense was a departure from his normal pattern of behavior; that although he has a clearly established pattern of problematic behavior suggesting a personality disorder diagnosis, his behavior has not included such abrupt violent offenses as the current matter. The psychologist noted that when Defendant was first interviewed by the F.B.I. he immediately gave a confession highly consistent with the complaint made against him. The psychologist concluded this is not typical of the population of sexual offenders and indicates he is much more accountable and therefore potentially more amenable to rehabilitation than is the typical sex offender.
Therefore the district court was not clearly erroneous, nor did it abuse its discretion, by finding that the Defendant engaged in “significant” post arrest rehabilitation efforts and that Defendant’s offense conduct was “aberrant behavior.” App. at 64, 65.
B
The majority opinion also dismisses Defendant’s post arrest sobriety, concluding that it “reflects little more than his compliance with the conditions of his release to a halfway house.” Op. at 1077. However, this court has held that “scrupulously following] the conditions of release,” when combined with other factors, may warrant a departure. Jones, 158 F.3d at 503. Therefore, the opinion’s rejection of Defendant’s post arrest sobriety rests on an adverse factual inference, contrary to that permissibly drawn by the trial judge. Second, the opinion’s inference is factually inaccurate. Defendant stated that he abstained from alcohol from the date that he committed the offense. Although it is unclear from the record when this condition of release was imposed on Defendant, the condition was not imposed on the day he committed the offense. Accordingly, there was some period of time when Defendant abstained from alcohol entirely of his own volition. Thus, the district court did not abuse its discretion by believing the Defendant abstained from alcohol for rehabilitative reasons rather than because of the court’s order.[6] Thus, the district court did not abuse its discretion by concluding that the Defendant’s post arrest sobriety, when combined with the other evidence, warranted a departure.
In sum, the majority’s dissection of the district court’s decision departs from our precedents and wrongly supplants the judge’s assessment from his vantage point with its own inferences, never having seen or heard the Defendant. The majority opinion thus disregards the Supreme Court’s teaching that “the discretion of a sentencing judge ... should not be displaced by the discretion of an appellate court.” Koon, 518 U.S. at 97, 116 S.Ct. 2035 (quoting S.Rep. No. 225, at 150): “Congress did not intend, by establishing limited appellate review, to vest in appellate courts wide-ranging authority over district court sentencing decisions.” Accordingly I must respectfully dissent.

.This court has not required each factor to independently justify a departure outside of the aberrational behavior inquiry. See Jones, 158 F.3d at 501 ("While Mr. Jones’ support in the community is insufficiently 'extraordinary' to support a departure on this basis alone, the district court did not abuse its discretion by relying on this factor as one of several grounds supporting a departure.”); United States v. Contreras, 180 F.3d 1204, 1213 (10th Cir.1999) (noting that combining otherwise impermissible factors to support a departure should be “extremely rare”).
The majority opinion recognizes that an aberrant behavior departure may apply in non-probation cases. See United States v. Garcia, 182 F.3d 1165, 1168 (10th Cir.), cert. denied, — U.S. —, 120 S.Ct. 448, 145 L.Ed.2d 365 (1999) (upholding an aberrant behavior departure for a Defendant that received an 18 month prison sentence), cert. denied, — U.S. —, 120 S.Ct. 448, 145 L.Ed.2d 365 (1999); United States v. Tsosie, 14 F.3d 1438, 1440, 1441-42 (10th Cir.1994) (upholding an aberrant behavior departure for a Defendant that received a 4 month prison sentence). The opinion acknowledges that an aberrant behavior departure may apply to violent felonies. See United States v. Talk, 158 F.3d 1064, 1066, 1072-73 (10th Cir.1998) (suggesting that an aberrant behavior departure would apply to a Class A, aggravated sexual assault), cert. denied, 525 U.S. 1164, 119 S.Ct. 1079, 143 L.Ed.2d 81 (1999); Tsosie, 14 F.3d at 1440, 1441-42 (holding that the aberrant behavior departure applied to a manslaughter conviction).

. The opinion holds that "we believe it is likewise impermissible to base an aberrant behavior departure, in whole or in part, on a lack of prior criminal conduct.” See Majority Op. at 1074. Both before and after Koon, this court has upheld aberrant behavior departures because of a lack of prior criminal conduct. See Jones, 158 F.3d at 499-500 (upholding the district court’s finding that the Defendant’s conduct was aberrational when he “basically had been law-abiding until age 35, when his marriage disintegrated”); Tsosie, 14 F.3d at 1442 (holding that the Defendant’s conduct was aberrational "in that he had no prior criminal history”).

. The opinion focuses on Defendant’s lack of a criminal history. The district court, however, did not. Instead, the district court held that Defendant lacked a history of sexual deviancy. That holding embraces both criminal deviancy and non-criminal sexual deviancy. Therefore, factually, the opinion is incorrect in concluding that the district court imper-missibly relied on Defendant’s lack of criminal history as a basis for the departure.

. Indeed, it is hard to imagine a stronger finding of aberrance: the district court found that the crime was out of character for him (a lack of previous sexual deviancy) and that he was unlikely to commit the crime again (rehabilitation efforts).

. The district court also cited Defendant's cooperation with law enforcement. The district court, however, did not rely on this factor as evidence of the aberrational nature of Defendant’s conduct but, instead, as a further factor removing the case from the heartland. This court has previously approved the use of such other marginal factors when combined with aberrant behavior. See Peña, 930 F.2d at 1495 (noting that "family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the guidelines,” but holding that "these responsibilities, combined with the aberrational nature of Pefia’s conduct, justified the departure' ....”) (citation and internal quotation marks omitted) (emphasis in original); see also Tsosie, 14 F.3d at 1441-42 ("Tsosie’s steady employment, economic support of his family, combined with his aberrational conduct ... were properly considered by the court in departing downward.”); United States v. Gallegos, 129 F.3d 1140, 1146 (10th Cir.1997) ("In both Peña and Tsosie, the family circumstances alone were not extraordinary; rather, the departures were based primarily on aberrant behavior, supported by family responsibilities.”)

. The opinion suggests that Defendant's previous failed attempts to abstain from alcohol suggest that the district court should not have relied on his current attempt to abstain. See Majority Op. at 1077-78. The district court, however, was able to judge Defendant's credibility and to determine whether he was sincere in his effort to quit this time. The district court found that he was. The opinion has not demonstrated that the finding was clearly erroneous.